**INSURANCE COMPANY OF NORTH AMERICA, Appellant,**

v.

**UNIVERSITY OF ALASKA, Appellee.**

No. 7081.

Supreme Court of Alaska.

Aug. 26, 1983.

Richard B. Brown, Faulkner, Banfield, Doogan & Holmes, Anchorage, for appellant.

Robert L. Richmond, Daniel T. Quinn, Richmond & Associates, Anchorage, for appellee.

* Schulz, Superior Court Judge, sitting by assignment made pursuant to Article IV, section 16, of the Constitution of Alaska.

Before BURKE, C.J., RABINOWITZ, MATTHEWS and COMPTON, JJ., and SCHULZ, Superior Court Judge.*

OPINION

BURKE, Chief Justice.

In March 1978 a road crew on the Nenana Highway found eight or nine burlap bags containing "soil, ashes, burned bone/ivory artifacts, ground or chipped stone artifacts, glass, occasional pieces of iron, many nails, ... 1 wooden box, 1 cardboard box and a few unburned bone and ivory artifacts." Dr. E. James Dixon, Curator of Archaeology at the University of Alaska Museum, examined the contents and determined that the recovered materials were missing from the museum's collection of Alaska native artifacts.

Appellant Insurance Company of North America [INA] insured the University of Alaska's artifact collection. The policy included a proof of loss provision requiring the insured to

furnish a complete inventory of the destroyed, damaged and undamaged property, showing in detail quantities, costs, actual cash value and amount of loss claimed; and ... the Insured shall render to this Company a proof of loss signed and sworn to by the Insured, stating the knowledge and belief of the Insured as to the following: cash value of each item thereof and the amount of the loss thereto....

Pursuant to this provision, the University submitted three detailed reports to INA:
(1) The June 1978 theft report submitted to INA with the property loss notice;
(2) A letter dated December 11, 1978, from E. James Dixon, Jr., Curator of Archaeology, to Dennis Paradis, an independent adjuster hired by INA in Fairbanks;
(3) The June 1979 inventory of Museum storage buildings prepared by the University.

The University also submitted a formal "sworn statement in Proof of Loss," dated March 27, 1980, and an affidavit of C. Eugene West, Curator Assistant in Archeology. These documents "represent[ed] all of the relevant data available to the University from which it could gather proof of loss information as required by the policy."

In addition to the University's reports, INA commissioned two reports:

(1) An appraisal dated January 23, 1979, from Jane B. Schuldberg of Snow Goose Associates in Seattle.

(2) A "Report to Insurance Company of North America" from Don E. Dumond of the University of Oregon dated May 22, 1979.

These reports concerned the time of theft and the quantity and value of both recovered and unrecovered stolen goods. After analyzing the reports, INA tendered a $237,000.00 payment to the University. The University accepted the payment claiming that it covered the so called Class A recovered items only, without prejudice to the University's rights, if any, to recover further money under the policy on the Class B unrecovered items.

When the University asked to be indemnified for the Class B artifacts, however, INA refused, alleging noncompliance with the proof of loss provision. The University sought to resolve the dispute through arbitration and invoked the "appraisal" provision of the insurance policy. INA filed a complaint seeking declaratory judgment and a motion to stay arbitration. The motion to stay was granted on December 30, 1980.

The University moved to change venue to Fairbanks in November 1980. The trial court initially denied the motion pending submission of a supporting affidavit. The University filed the affidavit two months later, and, on June 22, 1981, the trial court ordered venue changed to Fairbanks.

After transferring the litigation to Fairbanks, both parties moved for summary judgment. INA alleged in its motion that the University failed to submit adequate proof of loss and therefore failed to satisfy the condition precedent for its recovery. The University, in its motion, alleged that it complied with the insurance contract's proof of loss requirements or, alternatively, that INA waived these requirements.

On December 14, 1981, the trial court entered an order denying both motions for summary judgment. The court indicated that any issues of property value should be resolved at trial, and that any questions concerning the court's orders should be taken up at pretrial conference.

During a telephonic pretrial conference, the trial judge clarified his order to mean that the University had complied with the proof of loss requirement and on July 16, 1982, signed a final judgment ruling that as a matter of law, the University had substantially complied with the condition precedent to recovery. INA appealed, alleging that the trial court erred in holding that the University had substantially complied with the proof of loss provision and erred in granting a change of venue to Fairbanks.

We hold that the trial court did not err in granting summary judgment to the University. Where strict compliance with a proof of loss requirement is impossible, courts have consistently ruled that reasonable proof of loss, short of that which is impossible, constitutes "substantial compliance." *Staggers v. United States Fidelity & Guaranty Co.*, 159 Mont. 254, 496 P.2d 1161, 1165–66 (1972). Although the University, due to its incomplete records, did not submit an artifact-by-artifact inventory of the unrecovered material, it substantially complied with the proof of loss requirement.

The University analyzed and compiled all available data concerning the stored and boxed artifacts. It furnished a list of thirteen boxes, the contents of which were identified to the extent possible. The West affidavit, the 1963–65 inventory, and the Dumond report all concur that approximately ten to eleven boxes of artifacts were stolen in a single theft. Furthermore, Mr. West's observations, coupled with the 1963–65 inventory, make it highly probable that

the unrecovered Class B artifacts were stolen at the same time as the recovered Class A artifacts. *See Kolbeck v. Rural Mutual Insurance Co.,* 70 Wis.2d 655, 235 N.W.2d 466, 471 (1975) (the breaking and entering of a house makes it highly probable that all items of value missing were taken by the thief). In light of the requirement that proof of loss be established by reasonable effort and that compliance be substantial, we hold that the University has provided sufficient proof of loss to recover under the policy provision. We affirm the trial court's summary judgment in favor of the University and need not consider whether or not the trial court properly granted a change of venue to Fairbanks.

AFFIRMED.